45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Cedric R. ALLEN, Plaintiff-Appellant,
v.
Robert G. BORG, et al., Defendants-Appellees.
 No. 93-17121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1994.*
Decided Dec. 20, 1994.
 
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cedric R. Allen is a state prisoner proceeding pro se with a 42 U.S.C. Sec. 1983 claim against current and former prison officials. Allen claims that the officials violated his Eighth and Fourteenth Amendment rights by housing him with a violent cellmate who destroyed his television and by misplacing his inmate grievance forms which related to the property loss. The district court granted the officials' summary judgment motion. We affirm.
 
 STANDARD OF REVIEW
 
 3
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Viewing the evidence in the light most favorable to Allen, we must decide whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See id.
 
 DISCUSSION
 
 4
 Allen argues that the destruction of his television was the direct result of prison officials' deliberate indifference to his requests to be housed with a different, less aggressive inmate. Allen maintains that his due process rights were thus violated by this allegedly malicious deprivation of his property.
 
 
 5
 Even if we assume that the prison officials intentionally deprived Allen of his property, he does not have a cognizable federal civil rights claim because he has an adequate state remedy to redress his loss. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994) (per curiam).
 
 
 6
 California law provides an adequate postdeprivation remedy in this case. California Government Code, Section 844.6(d) provides that public employees are liable for injuries to prisoners proximately caused by the employees' negligent or wrongful acts or omissions. See Cal.Gov't Code Sec. 844.6 (West 1980). Upon completing the claim requirements set out in California Government Code, Sections 900 et seq., Allen would have access to the postdeprivation remedies available in the state courts of California.
 
 
 7
 Allen argues, however, that the state remedies are inadequate because the prison officials have lost his inmate grievance forms on two occasions. According to Allen, these were intentional acts designed to prevent him from pursuing his state court remedies because he is required to exhaust his administrative remedies before filing in state court.
 
 
 8
 "The well established doctrine of exhaustion of administrative remedies applies to grievances lodged by prisoners, even when the grievances involve an alleged constitutional violation." In re Serna, 143 Cal.Rptr. 350, 351-52 (Cal.Ct.App.1978) (citations omitted). Allen is correct in asserting that before he can take advantage of California state postdeprivation remedies, he is required to exhaust his administrative remedies within the prison system.
 
 
 9
 The exhaustion of administrative remedies does not apply however "where the administrative remedy is inadequate; where it is unavailable; or where it would be futile to pursue such remedy." Automotive Management Group, Inc. v. New Motor Vehicle Bd., 24 Cal.Rptr.2d 904, 911 (Cal.Ct.App.1993) (citations omitted); see Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir.1993), cert. denied, 114 S.Ct. 924 (1994). If Allen's allegations of the prison officials' intentional obstruction of his administrative remedies are true, it would be futile to pursue those remedies and he would have access to state court to redress his loss. Therefore, adequate state postdeprivation remedies are available to Allen should he wish to pursue them.
 
 
 10
 The existence and availability of these state postdeprivation remedies satisfy due process requirements. See Hudson, 468 U.S. at 533. Furthermore, there has been no injury sufficient to constitute an Eighth Amendment claim. Accordingly, we find that the district court properly granted the officials' summary judgment motion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App. P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3